JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Waste Connections US, Inc., a Delaware Corporation
3 Waterway Square Place, Suite 110
The Woodlands, Texas 77380

**(b)** County of Residence of First Listed Plaintiff: Montgomery County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103

## DEFENDANTS
Waste Connections, Inc., a Pennsylvania Corporation
101 Steeplewood Drive
Exton, PA 19341

County of Residence of First Listed Defendant: Chester County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☒ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. section 1331 and 28 U.S.C. section 1338(a)
Brief description of cause:
Declaratory judgment action for trademark infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 9/7/16
SIGNATURE OF ATTORNEY OF RECORD
*Nicole M. Gill*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

*(handwritten: 16 4813; SEP - 7 2016)*

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3 Waterway Square Place, Suite 110, The Woodlands, Texas, 77380

Address of Defendant: 101 Steeplewood Drive, Exton, PA 19341

Place of Accident, Incident or Transaction: Downingtown, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes ✔  No

Does this case involve multidistrict litigation possibilities?  Yes  No ✔
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes  No ✔

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes  No ✔

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes  No ✔

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes  No ✔

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. ✔ All other Federal Question Cases
    (Please specify) Trademark

B. *Diversity Jurisdiction Cases:*
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury (Please specify)
7. Products Liability
8. Products Liability — Asbestos
9. All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, Nicole M. Gill _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
✔ Relief other than monetary damages is sought.

DATE: 09/07/2016     Nicole M. Gill     320470
                    Attorney-at-Law     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/07/2016     Nicole M. Gill     320470     SEP -7 2016
                    Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Waste Connections, US Inc., a Delaware corporation | CIVIL ACTION |
| v. | |
| Waste Connections, Inc., a Pennsylvania corporation | NO. 16  4813 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

| 09/07/2016 | Nicole M. Gill | Waste Connections US, Inc., a DE corp. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-323-1352 | 610-640-1965 | NGill@STRADLEY.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP - 7 2016



# UNITED STATES DISTRICT COURT
# IN AND FOR THE EASTERN DISTRICT OF PENNSYLVANIA

16  4813

| | |
|---|---|
| WASTE CONNECTIONS US, INC., a Delaware corporation, 3 Waterway Square Place, Suite 110 The Woodlands, Texas, 77380 | : CIVIL ACTION<br>:<br>: COMPLAINT FOR DECLARATORY<br>: JUDGMENT _ |
| Plaintiff, | : No._ |
| v. | : |
| WASTE CONNECTIONS, INC., a Pennsylvania corporation, 101 Steeplewood Drive Exton, PA 19341 | : |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Waste Connections US, Inc. ("Plaintiff"), for its Complaint against defendant Waste Connections, Inc. ("Defendant"), alleges as follows:

### PARTIES

1. Plaintiff is, and at all relevant times was, a Delaware corporation, duly organized and existing under the laws of the State of Delaware, with its principal place of business located in The Woodlands, Texas.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant is a Pennsylvania corporation, which was at least at one time doing business in Pennsylvania, with its principal place of business in Exton, Pennsylvania.

### JURISDICTION AND VENUE

3. This is an action for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. sections 2201-02. This court has federal question jurisdiction over this action pursuant to 28 U.S.C. section 1331 and pursuant to 28 U.S.C. section 1338(a).

1

4.     Venue is proper in this Court under 28 U.S.C. section 1391(b) because a substantial number of the events, acts, or omissions giving rise to the claims alleged in this complaint occurred within the Eastern District of Pennsylvania.

## SUMMARY OF FACTS

5.     Plaintiff is an industry-leading company that provides waste and recycling services to millions of customers nationwide.

6.     Plaintiff was founded in 1997 and went public in 1998.

7.     Plaintiff has registered several trademarks, including the trademark WASTE CONNECTIONS, INC. ("WC Mark") (incontestable Registration No. 3,714,422) with the United States Patent and Trademark Office ("USPTO") (attached hereto as Exhibit "A"). The WC Mark is registered in International Class 037 for use in connection with "Waste collection and disposal services for others," International Class 039 for use in connection with "Waste transfer service for others," and International Class 040 for use in connection with "Recycling." Plaintiff has been using the WC Mark continuously since 1998. The value of the goodwill that Plaintiff has accrued in the WC Mark is substantial.

8.     At all relevant times, Plaintiff has extensively used the WC Mark to identify its services and to distinguish itself from services offered by others to the general public and to its two million plus residential, commercial and industrial customers across the United States. Plaintiff has invested substantial time and money in promoting the WC Mark in connection with the marketing and sale of services by, among other things, prominently displaying the WC Mark on its websites, signage, vehicles, advertising, displays, marketing and promotional materials, telephone directory advertising, and periodicals distributed throughout the United States.

9. As a result of Plaintiff's efforts, the WC Mark is a famous mark. The WC Mark is a valuable asset of Plaintiff, symbolizing its business, services, and goodwill. Plaintiff's continued success depends, in part, on continued national name recognition for the provision of quality services.

10. As of December 31, 2015, Plaintiff and its subsidiaries served the waste hauling needs of residential, commercial, industrial and exploration and production customers in the following 32 states: Alabama, Alaska, Arizona, Arkansas, California, Colorado, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, South Carolina, South Dakota, Tennessee, Texas, Utah, Washington and Wyoming.

11. On June 1, 2016 Plaintiff merged with Progressive Waste Solutions Ltd., an Ontario corporation ("Progressive Waste"), and as a result of the merger, Plaintiff became a subsidiary of Progressive Waste, and Progressive Waste changed its name to Waste Connections, Inc. (the "Parent Company"). The Parent Company, through subsidiaries, operates waste hauling operations and landfill facilities within the Commonwealth of Pennsylvania. Plaintiff has entered into a license agreement with the Parent Company for the use of the WC Mark by the Parent Company and its subsidiaries, including the subsidiaries operating the waste hauling operations and landfill facilities within the Commonwealth of Pennsylvania.

12. Plaintiff recently became aware of the existence of Defendant.

13. Plaintiff is informed and believes that Defendant was incorporated in Pennsylvania in 1997 and provided, at one time, a broker service for trucking, demolition services, and project site clean-up in. Plaintiff is informed and believes that Defendant's

3

business was limited to the borough of Downingtown, Pennsylvania.

14. Plaintiff is informed and believes that Defendant at some point in time before 2013, ceased operating as a going concern without the intent of resuming business operations, thus creating a rebuttable presumption of abandonment of any rights Defendant may have in the WASTE CONNECTIONS mark under 15 U.S.C. section 1127.

15. Employees for Plaintiff contacted Craigg Cody, who is listed on the Pennsylvania Secretary of State database as the president of Defendant. Despite Plaintiff's understanding that Defendant has not been a going concern for numerous years, Mr. Cody contends that Defendant is an operating business using the mark WASTE CONNECTIONS.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment – Abandonment of Trademark)

16. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 15 above as if fully set forth herein.

17. An actual controversy has arisen and now exists between Plaintiff and Defendant. Plaintiff is informed and believes that the Defendant long ago ceased operating under the mark WASTE CONNECTIONS and thus abandoned whatever rights it may have had in WASTE CONNECTIONS. The Defendant's assertion that it is an operating concern that does business using the mark WASTE CONNECTIONS places Plaintiff in the position of either potentially infringing the Defendant's rights in the WASTE CONNECTIONS mark or abandoning its plans to allow the use of its federally registered WC Mark in connection with its licensee's business operations within the Commonwealth of Pennsylvania.

18. Plaintiff desires a judicial determination and judgment that Defendant has abandoned whatever rights it may have in the mark WASTE CONNECTIONS. Such declaration is necessary and appropriate at this time so that Plaintiff may ascertain its rights with respect to

its licensee's use of the WC Mark within the Commonwealth of Pennsylvania.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment – No Likelihood of Confusion)

19. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 18 above as if fully set forth herein.

20. An actual controversy has arisen and now exists between Plaintiff and Defendant. Plaintiff is informed that Defendant, at some point in the past, used the mark WASTE CONNECTIONS in connection with a broker service for trucking, demolition services, and project site clean-up. If Defendant is able to establish that it has not abandoned its rights in WASTE CONNECTIONS, Plaintiff believes and alleges that the services covered by Defendant are not sufficiently related to the services provided by Plaintiff such that there would be a likelihood of confusion between Defendant's mark and Plaintiff's WC Mark. Plaintiff is placed in the position of either potentially infringing the Defendant's rights in the WASTE CONNECTIONS mark or abandoning its plans to allow the use of its federally registered WC Mark in connection with its licensee's business operations within the Commonwealth of Pennsylvania.

21. Plaintiff desires a judicial determination and declaration that even if Defendant has not abandoned its rights in connection with the WASTE CONNECTIONS mark, the use by Plaintiff's licensee of the WC Mark in Pennsylvania is not likely to cause confusion with Defendant's mark and does not infringe on any trademark rights of Defendant, or otherwise violate any of Defendant's rights of trade. Such declaration is necessary and appropriate at this time so that Plaintiff may ascertain its rights with respect to its use of the WC Mark within the Commonwealth of Pennsylvania. Plaintiff has no other existing, speedy, adequate or proper remedy other than a declaration and determination of the parties' rights as prayed herein.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment – Concurrent Use)

22. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 21 above as if fully set forth herein.

23. An actual controversy has arisen and now exists between Plaintiff and Defendant. Plaintiff is informed that Defendant, at some point in the past, used the mark WASTE CONNECTIONS in connection with a broker service for trucking, demolition services, and project site clean-up and that such use was limited to the borough of Downingtown, Pennsylvania. If Defendant is able to establish that it has not abandoned its common law rights in WASTE CONNECTIONS, Plaintiff believes and alleges that Defendant's common law rights in WASTE CONNECTIONS are limited to the borough of Downingtown, Pennsylvania, and that Plaintiff would be entitled to concurrent use of the WC Mark for the rest of Pennsylvania and all other states. Plaintiff is placed in the position of either potentially infringing the Defendant's rights in the WASTE CONNECTIONS mark or abandoning its plans to allow the use of its federally registered WC Mark in connection with its licensee's business operations within the Commonwealth of Pennsylvania.

24. Plaintiff desires a judicial determination and declaration that if Defendant has not abandoned its common law rights in the WASTE CONNECTIONS mark, Defendant's common law rights are limited to the borough of Downingtown, Pennsylvania, and Plaintiff is entitled to concurrent use of the WC Mark for the rest of Pennsylvania and all other states. Such declaration is necessary and appropriate at this time so that Plaintiff may ascertain its rights with respect to the use by Plaintiff's licensee of the WC Mark within the Commonwealth of Pennsylvania. Plaintiff has no other existing, speedy, adequate or proper remedy other than a declaration and determination of the parties' rights as prayed herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Waste Connections US, Inc. requests this Court, pursuant to its authority under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, enter a judgment declaring as follows:

a) that Defendant has abandoned the mark WASTE CONNECTIONS;

b) that the use of the WC Mark by Plaintiff or its licensee is not likely to cause confusion with, infringe or otherwise violate any of Defendant's rights, if any, in the mark WASTE CONNECTIONS;

c) that Plaintiff is, at law, entitled to concurrent use of the WC Mark throughout Pennsylvania and other states, except in the borough of Downingtown, Pennsylvania;

d) that this is an exceptional case and awarding Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

e) for such other and further relief as the Court deems just and proper.

Dated: September 7, 2016

Respectfully submitted,

*/s/ Nicole M. Gill*
Kevin R. Casey, Esq.
Nicole M. Gill, Esq.
**STRADLEY RONON STEVENS & YOUNG, LLP**
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000-Phone

Attorneys for Plaintiff
Waste Connections US, Inc.,
a Delaware corporation

7

## UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WASTE CONNECTIONS US, INC., a Delaware corporation, | : CIVIL ACTION |
| Plaintiff, | : No._ |
| v. | : |
| WASTE CONNECTIONS, INC., a Pennsylvania corporation, | : |
| Defendant. | : |

## VERIFICATION

I, Aaron Rubin, verify that the facts set forth in the foregoing Complaint for Declaratory Judgment filed by Waste Connections US, Inc., a Delaware corporation, are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

*/s/ A. M. Rubin*

Dated: September 6, 2016